**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DAVID EARL HUNTERS,** ) | |
| **ID # 12010351,** ) | |
| Petitioner, ) | |
| ) | No. 3:12-CV-1417-P (BH) |
| vs. ) | |
| ) | Referred to U.S. Magistrate Judge |
| **LUPE VALDEZ, Sheriff,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be dismissed for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 7, 2012, to challenge his detention pursuant to an arrest and indictment in Cause No. F-1252211. He was arrested on February 12, 2012, subsequently charged with possession of heroin, and is currently awaiting trial. (Petition at 2-3). He claims that his trial attorney has a conflict of interest, that he was subject to an unlawful search and seizure, and that the manner of search constituted a sexual assault. (Pet. at 5-7). The respondent is Dallas County Sheriff Lupe Valdez.

**II. EXHAUSTION**

A habeas action under 28 U.S.C. § 2241 is the proper vehicle for challenging pretrial detention. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Mackey v. Dretke*, 2004 WL 2958382 (N.D. Tex. Dec. 21, 2004); *Lewis v. Bowles*, 2002 WL 307442 (N.D. Tex. Feb. 21, 2002). However, "to be eligible for habeas relief [under § 2241], a petitioner must be 'in custody' and must

have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794, 795 (5th Cir. 1993).

In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Montes v. Cornyn*, 2002 WL 31495972 (N.D. Tex. Nov. 5, 2002).  Although Texas provides available avenues to challenge his detention, *see Montes*, 2002 WL 31495972, at *3 n.2 (noting that TEX. CODE CRIM. PROC. ANN. articles 11.08 and 11.09 provide a state habeas process for challenging pretrial detention), petitioner has not pursued relief in state court.  (*See* www.dallascounty.org, search for petitioner).[1]  By not pursuing relief through the state system, petitioner has not exhausted his state remedies.

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition.  A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").  Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state

---

[1] While petitioner prints and signs his last name as "Hunters" in his petition and other pleadings, both the Dallas County website and Westlaw list his last name as "Hunter" in both his current and previous cases.

remedies..[2]

## III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 21st day of May, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Furthermore, the record reflects that petitioner's case is set for a plea on May 24, 2012. (*See* www.dallascounty.org, Case No. F-1252211). Should petitioner be convicted of this current charge, petitioner may file a state habeas application challenging the conviction at that time. *See* TEX. CODE CRIM. PROC. 11.07 (West 2007).

3